### BLACK v. BLACK et al.

(Circuit Court, E. D. Pennsylvania. May 1, 1896.)

No. 36.

1. JURISDICTION OF FEDERAL COURTS — FORECLOSURE OF MORTGAGE — STATE PROCEDURE.

The federal courts have jurisdiction of an action of scire facias sur mortgage, for the purpose of foreclosing a mortgage, according to the forms of procedure prescribed by the Pennsylvania statute.

2. EJECTMENT—PLEADING—WAIVER OF DEFECTS.

    In ejectment in Pennsylvania, the omission of the writ to name the township in which the land lies is waived by pleading the general issue, where the land is fully identified by its boundaries, and also by the averment that it is the land in the actual occupancy of defendants. Lyons v. Miller, 4 Serg. & R. 279, followed. Hunt v. McFarland, 38 Pa. St. 69, distinguished.

This was an action of ejectment for 1,000 acres of land lying in the counties of Delaware and Philadelphia, in the state of Pennsylvania, and more particularly described in the writ by metes and bounds.

A plea in abatement was subsequently filed by defendants alleging, inter alia, that the name of the township in which the lands were located had been omitted from the writ, contrary to the terms of the act of assembly of Pennsylvania of March 21, 1806, and that the circuit court had no jurisdiction in the case, it being based upon an action of scire facias sur mortgage. This plea was never passed upon by the court, and one of "not guilty" was subsequently entered, and trial had thereon upon the issue raised. A verdict being had for the plaintiff, the present rule for a new trial, and for judgment for defendants notwithstanding the verdict, was taken.

Francis Tracy Tobin and Henry Budd, for the rule, cited Black v. Tricker, 52 Pa. St. 436, and Stimmel v. Miller, 8 Pa. Co. Ct. R. 128, in addition to the cases mentioned in the opinion.

BUTLER, District Judge. The plaintiff after putting in the record of the mortgage to her of Edgar N. Black, and of the sci. fa. proceedings thereon, including the judgment in her favor, followed it with the marshal's deed to her, a certified copy of the will of Edgar's father in his favor, and of certain conveyances to him by deed; and then called witnesses who testified to Edgar's occupancy of the land and exercise of ownership over it for many years. With this the plaintiff rested. The defendants offered no testimony, but presented several points, in each of which the court was requested to direct a verdict in their favor. The points were reserved and filed, and the jury was instructed that to entitle the plaintiff to recover against the defendants (who were not defendants in the execution under which the plaintiff purchased) she must show title in Edgar N. Black at the date of the mortgage; and called attention to the fact that to show such title she had produced the certified copy of the will before them, and of the several deeds in Edgar's favor, and had called the witnesses whom they had heard, to show Edgar's occupancy of and exercise of ownership over, the land; and instructed them that this was sufficient evidence of title in Edgar, at least as against the defendants, who had shown no right in themselves, and who might therefore be regarded as trespassers, provided the conveyances, including the will, purported to transfer the land in question to him; that while the defendants could hold the possession until title in the plaintiff through Edgar was proved, as before indicated, such proof would justify and re-

quire a verdict against them; that the only question therefore, for the jury was, had the plaintiff shown such title, and that this question was to be determined from the evidence referred to, including that regarding Edgar's occupancy and acts of ownership. The jury rendered a verdict for the plaintiff; whereupon the defendants entered a rule for new trial, and assigned as reasons therefor the court's failure to affirm their points and also a rule for judgment in their favor notwithstanding the verdict on the reserved points. On the hearing of these rules Circuit Court Judge Acheson sat with the trial judge, and concurs in the conclusions about to be stated. In support of the rules the defendants presented two questions only: First. Is the omission to name the township in which the lands lie, in the writ, a fatal defect? And, second, had the circuit court jurisdiction in the foreclosure proceedings? The second question was decided by this court in those proceedings, and cannot therefore be regarded as open. The first must be ruled against the defendants. It is one of state law—involving the construction of a state statute—and the supreme court of the state has decided it. Lyons v. Miller, 4 Serg. & R. 279. In that case the township was omitted as it is here, and the land was described by adjoiners simply, as here. The court held the omission to be immaterial after issue joined, in other words that the name of the township was matter of form, the land being sufficiently described without it, and that the objection to its omission was waived by the plea entered. Hunt v. McFarland, 38 Pa. St. 69, does not conflict with Lyons v. Miller. There one of the boundaries was in controversy, and this controversy led to the suit. The general verdict rendered left it undetermined; and the sheriff could not of course determine it in delivering possession. The jury, under the circumstances, should have found and described the true boundary, as the court points out. Here there was no such controversy about boundaries. The defendants, who under the evidence may be regarded as trespassers, have no interest in the question, and the omission referred to is immaterial. The land is fully identified not only by the description of its boundaries but also by the statement that it is the land in the actual occupancy of the defendants. When the general issue was pleaded therefore any objection which might possibly have been made on account of the omission at an earlier stage of the case, was waived. If the fact had been pleaded in abatement the omission might have been supplied without loss of time, and it should therefore have been so pleaded as is pointed out in Lyons v. Miller. Nothing need be added on this subject to what is so forcibly said in that case. The rules must be, and are dismissed, and judgment may be entered on the verdict for the plaintiff.